DAVIDSON v WAYNE COUNTY BOARD OF ROAD
COMMISSIONERS

Docket No. 77-4825. Submitted June 14, 1978, at Detroit.—Decided
October 18, 1978.

Clifford Davidson, Richard Nieman, and Grady Gardner, are
independent taxi owner-drivers who operate at Detroit Metro-
politan Wayne County Airport. The airport facility is operated
and managed for public use by the Wayne County Board of
Road Commissioners, a quasi-municipal body. One of the func-
tions of the board is to issue permits authorizing the operation
of taxis at the airport. Among the conditions imposed on the
issuance of these permits is a requirement that all owner-
drivers provide proof that they are covered by a policy of
worker's disability compensation insurance.

The above-named taxi owner-drivers filed suit against the
board seeking to restrain the defendant from requiring proof of
worker's disability compensation insurance and sought a de-
claratory judgment that the requirement was unreasonable,
discriminatory and unconstitutional. Wayne Circuit Court, Ir-
win Burdick, J., entered a judgment for the plaintiffs and
members of their class, but also prohibited the plaintiffs and
members of their class from allowing their vehicles to be used
by any other persons for airport taxis unless they provided the
defendant with a certificate of worker's disability insurance
covering such drivers. The defendant appeals. *Held:*

The plaintiffs and members of their class are not employees
of contractors or subcontractors, but are contractors or subcon-
tractors for purposes of the Worker's Disability Compensation
Act. Therefore, the Worker's Disability Compensation Act does
not impose any worker's compensation liability on defendant
with regard to the instant plaintiffs and members of their class
unless they employ other persons to drive their taxis.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 81 Am Jur 2d, Workmen's Compensation § 153.
[2] 81 Am Jur 2d, Workmen's Compensation § 169.
[3] 81 Am Jur 2d, Workmen's Compensation § 171.

1. WORKMEN'S COMPENSATION—BENEFITS—EMPLOYEE-EMPLOYER RELA-
   TIONSHIP—CONTRACT OF EMPLOYMENT—STATUTES.

   An employee-employer relationship established by a contract of
   employment must be shown to exist before benefits or rights
   under the Worker's Disability Compensation Act can be
   claimed (MCL 418.151, 418.161; MSA 17.237[151], 17.237[161]).

2. WORKMEN'S COMPENSATION—ECONOMIC REALITY TEST—EMPLOY-
   MENT SITUATION—FACTORS.

   The economic reality test has been adopted by the Michigan
   courts to discern an employment situation in worker's disabil-
   ity compensation cases; the relevant factors to be used under
   this test are: (1) control of a worker's duties, (2) the payment of
   wages, (3) the right to hire and fire, and the right to discipline,
   and (4) the performance of the duties as an integral part of the
   employer's business towards the accomplishment of a common
   goal.

3. WORKMEN'S COMPENSATION—PRINCIPAL—WORKMAN—CONTRACTORS
   —SUBCONTRACTORS—LIABILITY OF PRINCIPAL—STATUTES.

   The potential liability of an employer (principal) subject to the
   Worker's Disability Compensation Act, extends only to a "work-
   man"; a contractor or a subcontractor is not a "workman"
   within the meaning of the act, and, therefore, a principal is not
   liable for the payment of benefits to a contractor or subcontrac-
   tor who may be injured while performing for the principal as a
   contractor or subcontractor (MCL 418.171; MSA 17.237[171]).

4. WORKMEN'S COMPENSATION—SELF-EMPLOYED INDIVIDUAL—BENEFITS
   —CONTRACT OF EMPLOYMENT.

   A self-employed individual cannot claim benefits under the Work-
   er's Disability Compensation Act; a contract of employment is a
   condition precedent to recovery under the act.

*Francis D. Ross,* for plaintiffs.

*John P. Cushman,* General Counsel, and *Donald
Brown,* for defendant.

Before: N. J. KAUFMAN, P.J., and BEASLEY and
P. R. MAHINSKE,* JJ.

* Circuit Judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiffs in the instant action are independent taxi owner-drivers operating at Detroit Metropolitan Wayne County Airport. Defendant, the Board of Wayne County Road Commissioners, is a quasi-municipal body charged with operating and managing the airport facility for public use. Part of this function includes issuing permits authorizing plaintiffs to operate their taxis at the airport.

Defendant has imposed several conditions on the issuance of these permits. Plaintiffs are required to pay a monthly fee to defendant, to purchase bond plates for their vehicles and to obtain operators' licenses for the airport grounds. In addition, defendant requires three annual inspections of each vehicle. The drivers are also subject to certain other rules and regulations pertaining to taxi meters, drivers' conduct, handling of lost property, cruising and advertising on the vehicles.

Since 1973, the board has required all owner-drivers to provide proof that they are covered by a policy of worker's disability insurance. Rates for worker's disability insurance have increased annually. Plaintiffs brought suit alleging that the cost of the insurance is so economically burdensome that defendant's requirement is unconstitutionally destructive and confiscatory of business. Plaintiffs' suit sought to restrain defendant from requiring proof of worker's disability insurance and prayed for a declaratory judgment finding the requirement to be unreasonable, discriminatory and unconstitutional.

The trial judge entered an order of judgment granting plaintiffs the relief they requested. The trial judge found that there was no employee-employer relationship between the parties and that, therefore, the requirement of insurance was an

unreasonable, arbitrary and unconstitutional limitation upon plaintiffs and members of their class. He enjoined defendant from requiring proof of worker's disability insurance as a condition precedent to granting a license to plaintiffs and members of their class. However, he also prohibited plaintiffs and members of their class from allowing their vehicles to be used by any other persons for airport taxis unless they provide defendant with a certificate of worker's disability insurance covering such drivers.

Defendant appeals. It argues that the proof of worker's disability insurance is necessary to protect it from liability under the worker's compensation act in the event one of the owner-drivers incurs an injury while working.

Before benefits or rights under the Worker's Disability Compensation Act can be claimed, an employee-employer relationship established by a contract of employment must be shown to exist. The act is predicated on the existence of such a relationship. *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 211; 180 NW2d 798 (1970). See also MCL 418.151, 418.161; MSA 17.237(151), 17.237(161). Therefore, our inquiry must begin with a determination of whether plaintiffs and defendant stand in an employee-employer relationship. Although both parties agree with the trial judge's determination that plaintiffs are not employees of defendant, we find it necessary to reconsider this point because a proper determination is essential to the resolution of this case.

In *Smith v Martindale,* 81 Mich App 682, 686–687; 266 NW2d 49 (1978), this Court set forth the test for determining whether an employment relationship exists:

"The economic reality test has been adopted by the

Michigan courts to discern an employment situation. *Goodchild v Erickson,* 375 Mich 289, 293; 134 NW2d 191 (1965), *Cronk v Chevrolet Local 659,* 32 Mich App 394, 398; 189 NW2d 16 (1971), *lv den,* 385 Mich 784 (1971), *McKissic v Bodine,* 42 Mich App 203, 205–208; 201 NW2d 333 (1972), *lv den,* 388 Mich 780 (1972). Under the economic reality test, the Michigan Supreme Court in *Askew v Macomber,* 398 Mich 212, 217–218; 247 NW2d 288 (1976), listed relevant factors to be used to discern an employment situation:

" '(1) [C]ontrol of a worker's duties, (2) the payment of wages, (3) the right to hire and fire and the right to discipline, and (4) the performance of the duties as an integral part of the employer's business towards the accomplishment of a common goal.' "

The facts in the instant case indicate that the defendant is enabled under the laws and statutes of Michigan to operate and manage the airport facility. As a part of its nonprofit function, and for the benefit of the public which uses the facility, defendant permits the plaintiffs to operate their self-owned taxicab businesses at the airport. Plaintiffs are neither hired nor fired by the defendant. The defendant simply issues a permit allowing the plaintiffs to operate on the airport grounds. Other than subjecting plaintiffs to certain regulations which are necessary for safe and orderly transportation at the airport, the defendant exercises no control over the manner in which plaintiffs carry out their businesses. Plaintiffs are paid for their services directly by their passengers, and receive no wages from the defendant.

Applying the factors of the economic reality test to these facts, we conclude, as the trial court did, that plaintiffs are not employees of the defendant.

Defendant argues that MCL 418.171; MSA 17.237(171) subjects it to liability for work incurred injuries suffered by the plaintiffs even though

plaintiffs are not its employees within the meaning of the Worker's Disability Compensation Act.

MCL 418.171; MSA 17.237(171) provides:

"Sec. 171. (1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with any other person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and if compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed. A contractor shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract.

"(2) If the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor. The employee shall not be entitled to recover at common law against the contractor for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor."

Under this section, if a principal, *i.e.,* an employer subject to the act, contracts with another

person (contractor), who is not subject to the act or who has not secured worker's compensation coverage, the principal is required to pay worker's compensation benefits to any injured "workman" who files a claim for injuries incurred while performing work under the principal-contractor agreement. Under subsection (2), the principal is entitled to indemnification from the contractor for any amounts paid to the injured worker.

Defendant views itself as a principal within the meaning of this section. It characterizes plaintiffs as contractors or subcontractors. Defendant argues that to protect itself from worker's compensation liability, it must make sure that the persons to whom it issues licenses have worker's compensation policies either in their own names or in the names of their employees.

Because this appeal does not concern employees of the owner-operators, we need only determine whether defendant could incur any worker's compensation liability for injuries to plaintiffs or members of their class.

Under MCL 418.171; MSA 17.237(171), a principal's potential liability extends only to a "workman". Defendant's proposed construction would render a "contractor" or "subcontractor" a "workman" within the meaning of this section. Under that construction of the section, if one of the instant plaintiffs did not have worker's disability insurance and that plaintiff were injured while working at the airport, defendant would, on the one hand, be required to pay worker's compensation benefits to the plaintiff (in his role as "workman") and, on the other hand, be able to recover those benefits in an indemnity action from the same plaintiff (in his role as "contractor" or "subcontractor"). The Legislature could not have in-

tended this construction because it renders the section meaningless. See *Brown v Dep't of State,* 45 Mich App 322, 326; 206 NW2d 481 (1973).

In addition, defendant's proposed construction does not comport with the legislative intent underlying the section. The legislative intent in enacting this section was to protect the *employees* of contractors and subcontractors, and to insure that these employees recover worker's compensation benefits where their immediate employer fails to obtain adequate insurance or to otherwise secure funds for the payment of such benefits. See *DeWitt v Grand Rapids Fuel Co,* 346 Mich 209, 214; 77 NW2d 759 (1956), *Woody v American Tank Co,* 49 Mich App 217, 230; 211 NW2d 666 (1973). Plaintiffs are not *employees* of contractors or subcontractors; they *are* the contractors or subcontractors within the meaning of the section. Therefore, they are outside of the protection afforded by this section.

Finally, defendant's proposed construction would radically change Michigan's worker's compensation law. Plaintiffs are self-employed; they are both employer and employee. This Court has held that, without conclusive, unambiguous direction from the Legislature, a self-employed individual cannot claim benefits under the Worker's Disability Compensation Act. A contract of employment is a condition precedent to recovery under the act. *Lee v J H Lee & Son,* 72 Mich App 257, 264–265; 249 NW2d 380 (1976). See also *Scott v Alsar Co,* 336 Mich 532, 537–539, 58 NW2d 910 (1953), *Slessor v Board of Education of Kalamazoo,* 256 Mich 389, 392; 240 NW 13 (1932). MCL 418.171; MSA 17.237(171) does not indicate a legislative intent to depart from this policy.

We affirm the trial court's ruling that MCL

418.171; MSA 17.237(171) does not impose any worker's compensation liability on defendant as far as the instant plaintiffs and members of their class are concerned.

We now turn to the question of whether the trial court erred in enjoining defendant from requiring plaintiffs and members of their class to obtain worker's disability insurance. Defendant has stated that in the absence of any worker's compensation liability to plaintiffs, defendant would not require plaintiffs to carry worker's compensation insurance. Therefore, an extended discussion on this issue is not necessary. We hold that the trial court properly enjoined defendant from requiring plaintiffs to prove they had obtained worker's compensation benefits. See *Devereaux v Twp Board of Genesse Twp,* 211 Mich 38, 43; 177 NW 967 (1920), *People v Grant,* 157 Mich 24, 27; 121 NW 300 (1909).

The decision of the trial court is affirmed. No costs, the construction of a statute being involved.

BEASLEY, J., concurs in result.