BLANZY v BRIGADIER GENERAL CONTRACTORS, INCORPORATED

Docket No. 216926. Submitted October 13, 1999, at Detroit. Decided April 28, 2000, at 9:00 A.M. Leave to appeal sought.

Jerome W. Blanzy sought worker's compensation from Brigadier General Contractors, Incorporated. A worker's compensation magistrate denied benefits, determining that Brigadier was not liable as a statutory employer under § 171 of the Worker's Disability Compensation Act, MCL 418.171; MSA 17.237(171). The Worker's Compensation Appellate Commission reversed the magistrate's decision. The Court of Appeals denied leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted the question whether Brigadier was a statutory employer pursuant to § 171. 459 Mich 929 (1998).

The Court of Appeals *held*:

Pursuant to § 171, when an employer subject to the provisions of the worker's compensation act (referred to as the principal) contracts with another person (referred to as the contractor) who is not subject to the act or who has not complied with the act's requirement to secure payment of worker's compensation through self-insurance or insurance, the principal is liable to pay worker's compensation to an employee of the contractor injured in the execution by or under the contractor of the work undertaken by the principal. In this case, the Worker's Compensation Appellate Commission erred in disturbing the magistrate's finding that Blanzy was an independent contractor to, and not an employee of, HCM Heating & Air Conditioning, Incorporated, at the time he sustained disabling injury while performing heating and air conditioning work under a contract between Brigadier and HCM. There was competent, material, and substantial evidence in support of the magistrate's finding that Blanzy was not HCM's employee because he maintained a heating and air conditioning business that was separate from HCM's business and therefore he did not fit the definition of "employee" provided in subsection 161(1)(d) of the worker's compensation act, MCL 418.161(1)(d); MSA 17.237(161)(1)(d).

Reversed.

JANSEN, P.J., dissenting, stated that the Worker's Compensation Appellate Commission did not err in reversing the decision of the magistrate. The magistrate's findings that Blanzy maintained a separate business and held himself out and rendered service to the public separately from HCM were not supported by competent, material, and substantial evidence. Also, deeming Blanzy an employee of HCM would not render the indemnification provisions of § 171 meaningless. The decision of the Worker's Compensation Appellate Commission should be affirmed.

1. WORKER'S COMPENSATION — MAGISTRATES — APPELLATE COMMISSION — FINDINGS OF FACT.

Findings of fact by a worker's compensation magistrate, on review by the Worker's Compensation Appellate Commission, are conclusive if they are supported by competent, material, and substantial evidence on the whole record; such evidence is that which a reasonable mind would accept as adequate, and while such evidence must be more than a scintilla, it may be less than a preponderance (MCL 418.861a[3]; MSA 17.237[861a][3]).

2. WORKER'S COMPENSATION — APPELLATE COMMISSION — JUDICIAL REVIEW.

A decision by the Worker's Compensation Appellate Commission to reverse a decision by a worker's compensation magistrate should, on judicial review, be affirmed if it appears that the commission carefully examined the record, was cognizant of the deference to be given to the decision of the magistrate, did not misapprehend or grossly misapply the substantial evidence standard, and gave an adequate reason grounded in the record for reversing the decision of the magistrate (MCL 418.861a[14]; MSA 17.237[861a][14]).

3. WORKER'S COMPENSATION — MAGISTRATES — APPELLATE COMMISSION — FINDINGS OF FACT.

A court in deciding whether the Worker's Compensation Appellate Commission has reviewed a worker's compensation magistrate's findings of fact in a manner consistent with the concept of administrative appellate review that is less than review de novo examines the reasoning and analysis of the decisions of the magistrate and the commission, the evidence considered or ignored in those decisions, the care taken, and the nature of the issues involved (MCL 418.861a[14]; MSA 17.237[861a][14]).

4. WORKER'S COMPENSATION — EMPLOYEES.

An employee, for purposes of the Worker's Disability Compensation Act, is a person in the service of another under a contract of hire and receives payment intended as wages; additionally, a person performing service in the course of the trade, business, profession,

or occupation of an employer, in order to be deemed an employee for purposes of the act, must not maintain a separate business in relation to the service, hold himself out to and render service to the public in relation to the service, or be an employer subject to the act (MCL 418.161[1][b], [d]; MSA 17.237[161][1][b], [d]).

*Meklir, Nolish, Friedman & Saperstein, P.C.* (by *Rosemary K. Wolock*), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for the defendants.

Before: JANSEN, P.J., and GAGE and SAAD, JJ.

SAAD, J. In lieu of granting defendant Brigadier General Contractor Incorporated's application for leave to appeal, the Supreme Court has remanded this case to this Court for consideration as on leave granted. Defendant appeals the decision of the Worker's Compensation Appellate Commission (WCAC) reversing the magistrate's decision denying plaintiff benefits after the magistrate found that defendant was not liable as a statutory employer. The Supreme Court remanded this case for consideration of one question: "[W]hether the defendant employer was a statutory employer pursuant to MCL 418.171; MSA 17.237(171)." *Blanzy v Brigadier General Contractors, Inc*, 459 Mich 929 (1998). We reverse the decision of the WCAC.

I. FACTS AND PROCEEDINGS

Plaintiff incorporated HCM Heating & Air Conditioning, Incorporated, in November 1988. HCM's business was the installation and service of heating and air conditioning systems. Plaintiff owned one hundred percent of HCM's stock. He performed the work installing and servicing heating and cooling systems and fabricating sheet metal for duct installation. Most,

if not all, of HCM's business was performed under contract to defendant Brigadier General Contractors, Incorporated. In addition to the services he performed for HCM, there is evidence that plaintiff also performed services for at least one other entity, the city of Farmington Hills, independent of his work for HCM. Plaintiff's and HCM's tax records reflect that plaintiff was HCM's independent contractor, and not its employee.

In December 1990, defendant accepted plaintiff's/HCM's estimate for a job. At the time that plaintiff bid on this job, HCM did not carry worker's compensation insurance. Plaintiff explained that HCM did not carry the insurance because he worked for or by himself and was an employee of HCM and did not need it. HCM contracted with defendant, and plaintiff began working on the job. He fell from a ladder and injured himself on December 16, 1990. It is undisputed that this accident left plaintiff disabled.

Plaintiff attempted to obtain worker's compensation benefits from defendant. Plaintiff maintained that defendant was his "statutory employer" under § 171 of the Worker's Disability Compensation Act (WDCA). MCL 418.171; MSA 17.237(171). Plaintiff argued as follows: plaintiff was HCM's employee, but HCM did not carry worker's compensation insurance. Under § 171, when a contractor, i.e., defendant, contracts with an entity that does not carry worker's compensation insurance, i.e., HCM, the contractor can be held liable to that entity's employees under the worker's compensation statute. Therefore, plaintiff opined, defendant could be held liable to plaintiff, who was HCM's employee.

Defendant refuted plaintiff's argument on the ground that plaintiff was not really HCM's employee because plaintiff was, in fact, HCM's independent contractor. Defendant pointed out that relief under § 171 is available only to persons who are employees under the provisions of § 161 of the WDCA. MCL 418.161; MSA 17.237(161). Therefore, defendant concluded, defendant could not be held liable for benefits to plaintiff under § 171.

The magistrate agreed with defendant and found that plaintiff was not an employee of HCM. She found that plaintiff maintained a separate business and held himself out to and rendered service to the public:

> Mr. Blanzy testified he did not advertise, but he did have business cards and did perform work, which he obtained by word of mouth, for entities other than Brigadier General. Beyond that, plaintiff listed his occupation on his individual income tax returns as "self-employed," he filed social security self-employment tax, his U.S. Individual Income Tax Returns reflected business income rather than wages or salary and he filed a schedule C, Profit or Loss from Business (Sole Proprietorship).

The WCAC disagreed with the magistrate. It found little or no evidence to support the magistrate's apparent finding that plaintiff was a subcontractor to HCM because he individually maintained a separate business and held himself out to and rendered service to the public. Instead, it found the evidence on the entire record to support the contrary conclusion: plaintiff was HCM's employee. The WCAC also found that plaintiff and HCM had not excluded plaintiff as an employee covered by the act, as permitted by subsections 161(4) and (5). It found that the magistrate

had erred in her legal conclusion and reversed her decision.

## II. ANALYSIS

Defendant requests that we reverse the WCAC's ruling that found error in the magistrate's decision. The WCAC must consider the magistrate's findings of fact conclusive if the findings are supported by competent, material, and substantial evidence on the whole record. MCL 418.861a(3); MSA 17.237(861a)(3). "Substantial evidence" is that evidence on the whole record that a reasonable mind would accept as adequate to justify the magistrate's conclusion. MCL 418.861a(3); MSA 17.237(861a)(3). The evidence must be more than a scintilla, but it may be less than a preponderance. *Connaway v Welded Constr Co*, 233 Mich App 150, 169; 592 NW2d 414 (1998). The WCAC may not substitute its findings for those of the magistrate, and if it concludes that the magistrate did not make necessary factual findings, the WCAC must remand the case to the magistrate with instructions to do so. *Layman v Newkirk Electric Associates, Inc*, 458 Mich 494, 508-509; 581 NW2d 244 (1998).

Our review of the WCAC's decision is more limited. The WCAC's findings of fact, absent fraud, must be considered conclusive. MCL 418.861a(14); MSA 17.237(861a)(14). This Court may review questions of law involved with any final order of the WCAC. MCL 418.861a(14); MSA 17.237(861a)(14); *Holden v Ford Motor Co*, 439 Mich 257, 263; 484 NW2d 227 (1992). The WCAC's decision may be reversed if the WCAC operated within the wrong legal framework or based its decision on erroneous legal reasoning. *Illes v Jones Transfer Co (On Remand)*, 213 Mich App 44, 50; 539

NW2d 382 (1995). This Court's review is otherwise limited to determining whether the WCAC understood and properly applied the appropriate standard of review of the magistrate's findings of fact. *Goff v Bil-Mar Foods, Inc (After Remand)*, 454 Mich 507, 528, n 16; 563 NW2d 214 (1997). Providing the WCAC (1) carefully considered the record, (2) recognized the deference to be given to the magistrate, (3) "did not misapprehend or grossly misapply the substantial evidence standard," and (4) gave adequate reasons based on the record if it reversed the decision of the magistrate, this Court should affirm. *Connaway, supra,* 170. This Court must determine "whether the WCAC acted in a manner consistent with the concept of administrative appellate review that is less than de novo review in finding that the magistrate's decision was or was not supported by competent, material, and substantial evidence on the whole record." *Hagerman v GenCorp Automotive*, 457 Mich 720, 727; 579 NW2d 347 (1998). However, if the magistrate's decision is supported by substantial evidence and the WCAC reverses that decision, the WCAC has exceeded its authority. *Goff, supra,* 513. This Court should not automatically affirm an appeal from a WCAC decision if any competent evidence supports the WCAC finding. *Connaway, supra,* 170. Our consideration of the question should include an examination of

> (1) the reasoning and analysis of the decisions of the magistrate and the WCAC, (2) the evidence considered or ignored in those decisions, and (3) the care taken, and the nature of the issues involved, in order to determine whether the WCAC acted in a manner consistent with the concept of administrative appellate review. [*Id.*]

The limited question we address in this case, as directed by our Supreme Court, is whether defendant was a statutory employer of plaintiff under MCL 418.171; MSA 17.237(171). Section 171 provides:

(1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with another person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. . . .

(2) If the principal is liable to pay compensation under this section, he or she shall be entitled to be indemnified by the contractor or subcontractor. The employee shall not be entitled to recover at common law against the contractor for any damages arising from such injury if he or she takes compensation from such principal. The principal, in case he or she pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor.

(3) This section shall apply to a principal and contractor only if the contractor engages persons to work other than persons who would not be considered employees under section 161(1)(d).

Section 611 governs worker's compensation liability insurance coverage for employers. There is no dispute that HCM failed to procure such coverage for plaintiff.

The ostensible purpose of § 171 is to protect the employees of a subcontractor where the subcontrac-

tor fails to satisfy its obligation under § 611. In the event of a workplace injury, the noncompliant subcontractor's employee can obtain worker's compensation benefits from the general contractor, who is in a better position than the employee to investigate the subcontractor's compliance with § 611. It strains reason to believe that § 171 was intended to afford coverage to persons such as plaintiff, who purports to be both the noncompliant subcontractor's injured employee *and* the person responsible for the subcontractor's legal compliance. There is no policy reason to allow a one-person subcontractor operation to profit from the failure of that person to comply with the worker's compensation statute.

In order to determine if § 171 applies, we must first determine if plaintiff was HCM's employee. Section 161 defines "employee" for purposes of the act. Here, we are concerned with subsections 161(1)(b) and (1)(d).[1] Our Supreme Court recently discussed the definitions of "employee" as presented in subsections 161(1)(b) and (1)(d) in *Hoste v Shanty Creek Management, Inc*, 459 Mich 561; 592 NW2d 360 (1999). The Court concluded that subsections 1(b) and 1(d) are separate; therefore, a plaintiff first must establish that he is an employee under subsection 1(b) and then must survive the test of subsection 1(d). *Id.*, 573.

At the time of plaintiff's injury, subsection 1(b) defined "employee" as "[e]very person in the service of another, under any contract of hire, express or implied . . . ." The *Hoste* Court explained that under subsection 161(1)(b), a plaintiff must establish that he

---

[1] Subsections 161(1)(b) and (1)(d) have been redesignated, respectively, 161(1)(l) and (1)(n).

was under a "contract of hire" with the employer. This requires that "compensation must be payment intended as wages." *Id.*, 576. Here, the record supports a conclusion that plaintiff performed work for HCM and received compensation in return. The magistrate found, and the WCAC did not disagree, that the record shows that HCM compensated plaintiff for work performed by paying him for his services. Plaintiff therefore satisfied subsection 161(1)(b).

The magistrate and the WCAC disagreed with respect to whether plaintiff satisfied subsection 161(1)(d). The magistrate found that plaintiff was an independent contractor, whereas the WCAC found that he was an employee. Subsection 1(d) provided that an employee under the act includes

> [e]very person performing service in the course of the trade, business, profession or occupation of an employer at the time of the injury, provided the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. [MCL 418.161(1)(d); MSA 17.237(171)(1)(d)].

All three conditions of subsection 161(1)(d) must be satisfied in order to find that an individual is an employee. *Amerisure Ins Cos v Time Auto Transportation, Inc*, 196 Mich App 569, 574; 493 NW2d 482 (1992). Conversely, a person is *not* an employee under subsection 161(1)(d) if any one or more of the following applies: (1) the person maintains a separate business in relation to the service, (2) the person holds himself or herself out to and renders service to the public in relation to the service, or (3) the person is an employer subject to the worker's compensation statute in relation to the service.

Formerly, this Court utilized the "economic realities test" to determine if a person was an employee or an independent contractor under the WDCA. However, the *Hoste* Court held that this test has been superseded by the Legislature's 1985 amendments of § 161:

> The new language [of § 161, as amended by the Legislature in 1985], in superseding the old economic realities test, incorporated some, but not all of the factors of the old test. Accordingly, while the common-law economic realities test cannot be used to supersede the statute, i.e., by adding factors not in the legislative formulation of the economic realities test, those factors in the legislative test can be construed by reference to the case law development of those same factors. [*Hoste, supra,* 572.]

Here, the WCAC differed with the magistrate and concluded that the magistrate's decision was not supported by substantial evidence. Thus, we must determine if the WCAC erred in reversing the magistrate's conclusion regarding subsection 161(1)(d). We consider whether the magistrate properly found that any one or more of the three factors enumerated in subsection 161(1)(d) precluded a finding that plaintiff was an employee. The parties agree that plaintiff was not an employer under the act. Therefore, we need consider only the first two factors.

The magistrate found that plaintiff ran his own business in relation to HCM's services. Her finding was primarily based on plaintiff's method of paying taxes. Plaintiff and his accountant testified regarding plaintiff's individual tax returns and those for HCM for the years 1988 through 1990. The corporate returns do not list wages or salaries paid or compensation to officers, but list payments for subcontractor services. On his federal taxes, plaintiff reported both wages

and business income, and he identified his business as heating and air conditioning. Plaintiff's accountant testified that a portion of the subcontractor services reported by HCM was paid to plaintiff and reported on his individual income tax return as part of his business income. The magistrate stated:

> [P]laintiff listed his occupation on his individual income tax returns as "self-employed," he filed social security self-employment tax, his U.S. Individual Income Tax Returns reflected business income rather than wages or salary and he filed a schedule C, Profit or Loss from Business (Sole Proprietorship).

We find that this constitutes substantial evidence for the magistrate's finding that plaintiff ran his own business, and that the WCAC should have deferred to this finding.

Plaintiff's accountant attempted to minimize the significance of this evidence. He explained that the fact that the money is characterized on the corporate return as "subcontractor services" and paid to plaintiff does not mean that plaintiff was, in fact, a subcontractor to HCM. He testified that the money was paid by HCM to plaintiff as an expense for services rendered. The accountant explained that HCM should have paid plaintiff through a W-2 form, but plaintiff did not do HCM's business that way. The accountant reported plaintiff's income on his individual return as business income so plaintiff could pay social security taxes on it to make up for the fact that the corporation did not pay social security taxes on the money. He also testified that, with the exception of a small amount of income reported by plaintiff received from work unrelated to HCM's business, all of plaintiff's income came from HCM. The WCAC's decision to

reverse was based largely on the accountant's testimony:

> If we are to interpret the magistrate's opinion as finding that plaintiff, *as an individual*, maintained a separate business, held himself out to and rendered service to the public and was an employer subject to the act, and thus (as defendant argues) was a subcontractor *to his own corporation*, there is little (if any) evidence on the record to support it. In fact, plaintiff's accountant, Mr. Stuart M. Schram, called by defendant, explicitly testified that plaintiff had no income other than that derived from HCM.

The WCAC further found that the evidence negated a finding that plaintiff's tax records proved that he was an independent contractor rather than an employee:

> The magistrate based her finding, in large part, on the way that plaintiff filled out his income tax returns. She was not persuaded by his testimony (explicitly found credible) that he was quite unsophisticated in the preparation of individual and corporate income tax returns, leaving this task almost exclusively in the hands of his accountant; he would simply note information on a legal pad, and drop it off at his accountant's office.

In its opinion, the WCAC did not comment that plaintiff performed work as a temporary fill-in heating inspector for the city of Farmington Hills, or that one subcontractor made a payment in plaintiff's name, rather than that of HCM. Although the magistrate did not cite these facts in her written opinion, such evidence that plaintiff performs services to other entities further bolsters the magistrate's conclusions that plaintiff was not HCM's employee, but instead ran his own business.

On this record, we conclude that the WCAC misapplied the substantial evidence standard. *Goff, supra,*

582, n 16. The WCAC's reasons for reversing the magistrate's decision are not adequate. *Connaway, supra*, 170. Here, the magistrate's finding that plaintiff was not an employee was supported by competent, material, and substantial evidence on the whole record. MCL 418.861a(3); MSA 17.237(861a)(3). The WCAC exceeded its authority by deciding that the accountant's testimony rendered the income tax evidence insignificant. We therefore reverse the decision of the WCAC. Furthermore, the WCAC disregarded evidence that would have further bolstered the magistrate's findings.

We reverse on the ground that the WCAC erroneously disturbed the magistrate's finding that plaintiff was not an employee. We need not consider the other arguments raised by defendant, because they are unnecessary to the resolution of this appeal and also are beyond the limited scope of the Supreme Court's remand.

Reversed.

GAGE, J., concurred.

JANSEN, P.J. (*dissenting*). I respectfully dissent and would affirm the decision of the Worker's Compensation Appellate Commission (WCAC).

Plaintiff argues that defendant is liable for the benefits as a statutory employer under MCL 418.171; MSA 17.237(171). His position is that he was an employee of HCM Heating and Air Conditioning, Inc., which was under contract with defendant. Because HCM did not carry worker's compensation insurance, by operation of § 171, defendant, as the principal to HCM, is liable for plaintiff's worker's compensation benefits. Defendant disagrees with plaintiff's characterization

of himself as an employee of HCM. It argues that
plaintiff was a subcontractor to HCM and thus not an
employee of HCM as that term is defined under § 161
of the Worker's Disability Compensation Act (WDCA).

The magistrate found that plaintiff was not an
employee of HCM. The magistrate found that plaintiff
maintained a separate business and held himself out
to and rendered service to the public:

> Mr. Blanzy testified he did not advertise, but he did have
> business cards and did perform work, which he obtained by
> word of mouth, for entities other than Brigadier General.
> Beyond that, plaintiff listed his occupation on his individual
> income tax returns as "self-employed," he filed social secur-
> ity self-employment tax, his U.S. Individual Income Tax
> Returns reflected business income rather than wages or sal-
> ary and he filed a schedule C, Profit or Loss from Business
> (Sole Proprietorship).

The WCAC disagreed with the magistrate. It found lit-
tle or no evidence to support the magistrate's appar-
ent finding that plaintiff was a subcontractor to HCM
because he maintained a separate business and held
himself out to and rendered service to the public.
Instead, the WCAC found the evidence on the entire
record to support a contrary conclusion: plaintiff was
HCM's employee. The WCAC also found that plaintiff
and HCM had not excluded plaintiff as an employee
covered by the WDCA, as allowed under subsections
161(4) and (5), MCL 418.161(4)   and (5); MSA
17.237(161)(4) and (5). It found that the magistrate
had erred in her legal conclusion, and reversed her
decision.

The limited question to be addressed in this case,
as directed by our Supreme Court, is whether defend-

ant was a statutory employer of plaintiff under § 171, which provides:

> (1) If any employer subject to the provisions of this act, in this section referred to as the principal, contracts with another person, in this section referred to as the contractor, who is not subject to this act or who has not complied with the provisions of section 611, and who does not become subject to this act or comply with the provisions of section 611 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any person employed in the execution of the work any compensation under this act which he or she would have been liable to pay if that person had been immediately employed by the principal. . . .
>
> (2) If the principal is liable to pay compensation under this section, he or she shall be entitled to be indemnified by the contractor or subcontractor. The employee shall not be entitled to recover at common law against the contractor for any damages arising from such injury if he or she takes compensation from such principal. The principal, in case he or she pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor.
>
> (3) This section shall apply to a principal and contractor only if the contractor engages persons to work other than persons who would not be considered employees under section 161(1)(d).

Section 161 defines "employee" for purposes of the WDCA. At the time of plaintiff's injury, subsection 161(1)(b)[1] defined "employee" as "[e]very person in the service of another, under any contract of hire,

---

[1] The statute has undergone substantial revisions and this subsection is now designated subsection 161(1)(l).

express or implied . . . ." Subsection 161(1)(d)[2] provided that an employee under the act includes

> [e]very person performing service in the course of the trade, business, profession or occupation of an employer at the time of the injury, provided the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act. [MCL 418.161(1)(d); MSA 17.237(161)(1)(d).]

Our Supreme Court recently discussed the definitions of "employee" as presented in subsections 161(1)(b) and (d) in *Hoste v Shanty Creek Management, Inc*, 459 Mich 561; 592 NW2d 360 (1999). First, the Court concluded that subsections 1(b) and 1(d) are separate and that a plaintiff first must establish that he is an employee under subsection 1(b) and then must survive the test of subsection 1(d). *Hoste, supra* at 573.

In *Hoste*, the Court explained that under subsection 161(1)(b), a plaintiff must establish that he was under a "contract of hire" with the employer. This requires that "compensation must be payment intended as wages." *Hoste, supra* at 576. In the present case, the record supports a conclusion that plaintiff performed work for HCM and received compensation in return. The record shows that HCM compensated plaintiff for work performed by paying him for his services. Therefore, plaintiff was an employee of HCM under subsection 161(1)(b).

It next must be established that plaintiff passes subsection 161(1)(d). It is in this respect that the magistrate and the WCAC differed. In *Hoste*, the Court

---

[2] This is now subsection 161(1)(n).

explained that subsection 161(1)(d) supersedes the old economic realities test, although it incorporates some of the factors of that test. *Hoste, supra* at 572. The Court instructed that the common-law economic realities test may not be used to supersede subsection 161(1)(d) by considering factors not contained within the statute, but the factors enumerated in the statute "can be construed by reference to the case law development of those same factors." *Hoste, supra* at 572.

Thus, it must be determined whether the WCAC erred in reversing the magistrate's conclusion regarding subsection 161(1)(d). The three factors that must be considered are whether plaintiff (1) maintained a separate business, (2) held himself out to and rendered service to the public, and (3) was not an employer subject to the act. The parties do not dispute that plaintiff was not an employer under the act. Therefore, only the first two factors need be considered.

HCM occasionally employed others or subcontracted work. Plaintiff did not advertise, but he admitted using business cards. The record does not indicate whether the business cards were in plaintiff's name or that of HCM. His customers contacted him through word of mouth. The truck he used on the job did not have HCM's name on it. To compensate himself from HCM, plaintiff would determine what he was owed for a particular job and write himself a check. HCM had a checking account that was separate from plaintiff's personal checking account. According to plaintiff, the entity with whom he most often contracted was defendant. When defendant contracted with HCM for the job on which plaintiff was

injured, defendant issued a check to HCM for the materials.

Plaintiff and his accountant testified regarding plaintiff's individual tax returns and those for HCM for the years 1988 through 1990. The corporate returns do not list wages or salaries paid or compensation to officers, but list payments for subcontractor services. On his federal taxes, plaintiff reported both wages and business income, and he identified his business as heating and air conditioning. Plaintiff's accountant testified that a portion of the subcontractor services reported by HCM was paid to plaintiff and reported on his individual income tax return as part of his business income. However, the accountant explained that the fact that the money is characterized on the corporate return as "subcontractor services" and paid to plaintiff does not mean that plaintiff was a subcontractor to HCM. The accountant testified that the money was paid by HCM to plaintiff as an expense for services rendered.

The accountant explained that HCM should have paid plaintiff through a W-2 form, but plaintiff did not conduct HCM's business in that manner. The accountant reported plaintiff's income on his individual return as business income so plaintiff could pay social security taxes on it to make up for the fact that the corporation did not pay social security taxes on the money. The accountant also testified that, with the exception of a small amount of income reported by plaintiff received from work unrelated to HCM's business, all of plaintiff's income came from HCM.[3]

---

[3] As noted by the WCAC, plaintiff performed work as a temporary fill-in heating inspector for the city of Farmington Hills. However, this was work that HCM did not engage in; thus, as noted by the WCAC, it was distinct

The magistrate found that plaintiff maintained a separate business. The magistrate appeared to have rested her decision primarily on the manner in which plaintiff reported his income on his individual tax returns. The WCAC concluded that this finding was not supported by the evidence. It noted that plaintiff's accountant testified that plaintiff's entire income came from HCM. It further noted that the accountant testified that he treated plaintiff as an employee of HCM, not a subcontractor; his income from HCM was for services rendered. The failure of the tax returns to accurately categorize the income earned by plaintiff should not be dispositive of whether plaintiff maintained a separate business.

The WCAC did not exceed the scope of its reviewing power in concluding that the magistrate's finding that plaintiff maintained a separate business is not supported by the evidence. *Goff v Bil-Mar Foods, Inc (After Remand)*, 454 Mich 507, 512-513; 563 NW2d 214 (1997). Here, the WCAC acted in a manner consistent with the concept of administrative appellate review that is less than de novo in finding that the magistrate's decision was not supported by competent, material, and substantial evidence on the whole record because the WCAC carefully examined the whole record, did not misapprehend or misapply the substantial evidence standard, was cognizant of the deference to be given to the magistrate, and gave adequate reasons grounded in the record for reversing the decision of the magistrate. *Id.* at 516-517; *Holden*

---

from HCM's business. There was also evidence that one of the subcontractors made a payment in plaintiff's name, rather than that of HCM to which the money was intended. However, there is no indication that this was the result of plaintiff's holding himself out as separate from HCM.

*v Ford Motor Co*, 439 Mich 257, 267-269; 484 NW2d 227 (1992). There is no evidence that plaintiff maintained a separate business from HCM. While plaintiff reported income as business income, his accountant explained the reasons for doing so and testified that plaintiff did not report any income for heating and air conditioning service and installation separate from that he earned from HCM. There is no evidence that plaintiff earned income as an individual or through another business other than that earned while working for HCM.

Similarly, with regard to whether plaintiff held himself out to and rendered service to the public, presumably separate from the work he performed for HCM, there is limited evidence on the issue. While plaintiff testified he had business cards, there is nothing to confirm that these business cards were in plaintiff's name only or that of HCM. There was also no clear evidence that plaintiff held himself out and rendered service as an individual separate from HCM. Therefore, the WCAC did not exceed its scope of review in concluding that the magistrate erred in finding that plaintiff held himself out to and rendered service to the public as an individual separate from HCM's business.

This Court's review is limited to whether the WCAC understood and did not misapprehend or grossly misapply the substantial evidence standard. Here, the WCAC clearly found that the findings of the magistrate were not supported by competent, material, and substantial evidence on the whole record. The WCAC considered the entire record and stated its reasons for reversing the magistrate's decision. Its reasons were

based on the record. It did not err in rejecting the magistrate's findings and legal conclusion.

Defendants also argue that plaintiff should not be deemed an employee of HCM because to do so would render the indemnification provisions of § 171 meaningless. Defendants rely on *Davidson v Wayne Co Bd of Rd Comm'rs*, 86 Mich App 592; 272 NW2d 740 (1978). However, unlike *Davidson*, this case involves a separate plaintiff and corporate employer. In *Davidson*, the plaintiffs were independent owner-operators of taxi cabs. There was no corporate entity involved. The indemnification provisions of § 171 allow defendants to seek indemnification from HCM. Therefore, a finding that plaintiff is an employee of HCM would not render the indemnification provisions meaningless.

I would affirm the decision of the WCAC.