McCAUL v MODERN TILE AND CARPET, INC

Docket No. 223236. Submitted October 9, 2001, at Grand Rapids. Decided
December 7, 2001, at 9:15 A.M.

Michael McCaul sought worker's compensation benefits from Modern
Tile and Carpet, Inc., and Lake States Insurance Company for
injury related to his work as a carpet installer. Following a hearing,
a worker's compensation magistrate denied the claim for benefits,
determining that the plaintiff was not an employee of Modern Tile
and Carpet, but was an independent contractor. The Worker's Com-
pensation Appellate Commission (WCAC) affirmed the magistrate's
decision. The WCAC also declined to rule on the plaintiff's claim that
Modern Tile and Carpet had violated subsection 171(4) of the
Worker's Disability Compensation Act, MCL 418.171(4), by requir-
ing the plaintiff to work as an independent contractor rather than
as an employee. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. The WCAC did not err in affirming the magistrate's decision that
the plaintiff was not an employee of Modern Tile and Carpet. A per-
son is not an employee (but is an independent contractor) under
subsection 161(1)(d) of the worker's compensation act, MCL
418.161(1)(d), now subsection 161(1)(n), MCL 418.161(1)(n), where
the person maintains a separate business in relation to the service,
the person holds himself out to and renders service to the public in
relation to the service, or the person is an employer subject to the
worker's compensation act in relation to the service. In this case,
the plaintiff operated a sole proprietorship that furnished his labor
to Modern Tile and Carpet under separate contact for each carpet
installation and the plaintiff held himself out as providing services
to the public.

2. The WCAC did not err in declining to rule on the plaintiff's claim
that Modern Tile and Carpet had violated subsection 171(4) of the
worker's compensation act. Subsection 171(4) provides that princi-
pals wilfully acting to circumvent § 171 or § 611 (MCL 418.611) by
using coercion, intimidation, deceit, or other means to encourage
persons who otherwise would be considered employees within the
meaning of the worker's compensation act to pose as contractors
for the purposes of evading § 171 or the requirements of § 611 shall

be liable subject to the provisions of § 641 (MCL 418.641). Section 641 provides that the employee of an employer who violates § 171 or § 611 may bring a civil action against the employer to recover damages. The plaintiff's claim of a violation of subsection 171(4) is properly raised in a civil action, not in the proceeding before the WCAC.

Affirmed.

1. WORKER'S COMPENSATION — WORDS AND PHRASES — INDEPENDENT CONTRACTORS — EMPLOYEES.

A person is an independent contractor and not an employee for purposes of subsection 161(1)(d), now 161(1)(n), of the Worker's Disability Compensation Act if the person performs service in the course of the trade, business, profession, or occupation of an employer at the time of the person's injury and the person maintains a separate business in relation to the service, the person holds himself out to and renders service to the public in relation to the service, or the person is an employer subject to the worker's compensation statute in relation to the service (MCL 418.161[1][d], now 1[n]).

2. WORKER'S COMPENSATION — EMPLOYERS WHO COERCE EMPLOYEES TO POSE AS INDEPENDENT CONTRACTORS — CIVIL LIABILITY.

A claim that a purported employer, through coercion, intimidation, deceit, or other means, has encouraged a person who otherwise would be considered an employee within the meaning of the Worker's Disability Compensation Act to pose as a contractor for purposes of evading the requirement that the employer secure payment of worker's compensation for work-related injury must be raised in a civil action for damages against the purported employer (MCL 418.171[4], 418.641[2]).

*Ryan, Jamieson, Morris & Ryan* (by *Christopher D. Morris*), for the plaintiff.

*Smith Haughey Rice & Roegge* (by *Lance R. Mather*), for the defendants.

Before: GAGE, P.J., and JANSEN and O'CONNELL, JJ.

O'CONNELL, J. Plaintiff Michael McCaul appeals by leave granted from the October 14, 1999, order of the Worker's Compensation Appellate Commission (WCAC)

affirming the magistrate's denial of disability benefits. We affirm.[1]

### I. FACTS AND PROCEEDINGS

The facts in this case are essentially undisputed. Plaintiff began his employment with defendant Modern Tile and Carpet, Inc.,[2] in 1976 performing carpet installation. Approximately seven or eight years before the trial in this matter, plaintiff created a sole proprietorship and acquired a worker's compensation insurance policy at defendant's insistence. From then on, rather than paying plaintiff directly, defendant compensated plaintiff for his services by issuing checks jointly to plaintiff and the sole proprietorship. For the most part, plaintiff's day-to-day duties with defendant did not change after the sole proprietorship was formed. However, plaintiff was required to sign a contract identifying him as an independent contractor for each job he performed for defendant. In 1996, plaintiff reported his income on an Internal Revenue Service (IRS) Form 1099 and filed a schedule C, Profit or Loss from Business (Sole Proprietorship) return with the IRS.

---

[1] Although this Court and our Supreme Court have spoken on the issue whether an individual may properly bring a civil claim against an employer pursuant to MCL 418.641(2), plaintiff's appeal raises a distinct issue, that being whether MCL 418.171(4) requires plaintiff to pursue in the civil forum a claim alleging that defendant wilfully circumvented provisions of the worker's compensation act by encouraging him to become an independent contractor. This is an issue of first impression in Michigan.

[2] Defendants Michael McCaul, doing business as McCaul's Carpet Service, and Citizens Insurance Company were dismissed by stipulation as parties to this appeal by an order entered August 2, 2001. For the purposes of this appeal, "defendant" will refer to Modern Tile and Carpet, Inc.

In 1996, after plaintiff developed right-sided lateral epicondylitis in his right elbow, he was restricted from performing carpet installations. The parties do not dispute that plaintiff suffered a work-related disability. Plaintiff filed a petition seeking worker's compensation benefits in November 1996. During trial before the magistrate, defendant argued that because plaintiff was an independent contractor, it was not responsible for payment of worker's compensation benefits. In contrast, plaintiff asserted that because defendant controlled and supervised his activities, he was defendant's employee, and defendant was required to pay plaintiff's worker's compensation benefits.

In an opinion and order mailed January 21, 1998, the magistrate denied plaintiff's claim against defendant, concluding that plaintiff had "failed to establish an employee/employer relationship" with defendant. In reaching its conclusion, the magistrate reviewed subsection 161(1)(d)[3] of the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.* Specifically, the magistrate found that plaintiff was not an "employee" as defined by that provision because he maintained a sole proprietorship and held himself out as rendering services to the public. In support of its conclusion, the magistrate considered evidence showing that plaintiff actively managed his sole proprietorship, secured worker's compensation insurance, and filed the appropriate tax forms for a sole proprietorship. Further, the magistrate found that although plaintiff did not advertise his business, he held him-

---

[3] As a result of legislative revisions to MCL 418.161 in 1996, subsection 161(1)(d) has been redesignated subsection 161(1)(n).

self out as willing to perform services for the public. The magistrate also observed that "plaintiff's testimony was clear that if he had not been kept busy by [defendant], he would have been able to accept more jobs from the public."

On appeal to the WCAC, plaintiff argued (1) that the magistrate erred in concluding that plaintiff was not an employee as defined in the WDCA, and (2) that defendant violated MCL 418.171(4) by insisting plaintiff create a sole proprietorship so that defendant could avoid having to carry worker's compensation insurance. In a two-to-one decision,[4] the WCAC affirmed the magistrate's determination that plaintiff was not an employee as defined by § 161 because the record evidence supported the magistrate's finding that plaintiff owned a sole proprietorship. Moreover, the WCAC concluded that where plaintiff alleged that defendant violated MCL 418.171(4), the WDCA required that he seek redress in a civil action. This Court granted plaintiff leave to appeal on March 7, 2000.

## II. STANDARD OF REVIEW

This Court's review of a decision of the WCAC is limited. *Blanzy v Brigadier General Contractors, Inc,* 240 Mich App 632, 637; 613 NW2d 391 (2000). In the absence of fraud, this Court must consider the WCAC's findings of fact conclusive. MCL 418.861a(14). In *Mudel v Great Atlantic & Pacific Tea Co,* 462 Mich 691; 614 NW2d 607 (2000), Justice MARKMAN, writing for the Court, articulated the proper standard for reviewing decisions of the WCAC.

---

[4] Commissioner James J. Kent dissented on grounds unrelated to those at issue on appeal.

> The WCAC must review the magistrate's decision under the "substantial evidence" standard, while the courts must review the WCAC's decision under the "any evidence" standard. Review by the Court of Appeals and [the Supreme Court] begins with the WCAC's decision, not the magistrate's. If there is any evidence supporting the WCAC's factual findings, and if the WCAC did not misapprehend its administrative appellate role in reviewing decisions of the magistrate, then the courts must treat the WCAC's factual findings as conclusive. [*Id.* at 709-710.]

However, this Court reviews de novo questions of law involved in a final order of the WCAC. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000); *Mudel, supra* at 697, n 3; MCL 418.861a(14). "[A] decision of the WCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." *DiBenedetto, supra* at 401-402.

### III. ANALYSIS

We first address plaintiff's contention that the WCAC erred in affirming the magistrate's determination that plaintiff was an independent contractor, and not an employee as defined by the WDCA. Whether an individual is an employee as defined by the WDCA presents a question of law subject to review de novo. *Oxley v Dep't of Military Affairs*, 460 Mich 536, 540; 597 NW2d 89 (1999).

At the time of plaintiff's injury,[5] MCL 418.161(1)(d) provided:

> (1) As used in this act, "employee" means:
>
> \*    \*    \*

---

[5] According to the record, plaintiff's date of injury was March 29, 1996.

(d) Every person performing service in the course of the trade, business, profession, or occupation of an employer at the time of the injury, provided the person in relation to this service does not maintain a separate business, does not hold himself or herself out to and render service to the public, and is not an employer subject to this act.

All three conditions of subsection 161(1)(d) must be met in order to find that an individual is an employee. *Luster v Five Star Carpet Installations, Inc*, 239 Mich App 719, 725; 609 NW2d 859 (2000); *Amerisure Ins Cos v Time Auto Transportation, Inc*, 196 Mich App 569, 574; 493 NW2d 482 (1992). As the *Luster* Court opined:

[A] person is *not* an employee (but is an independent contractor) under subsection 161(1)(d) if any one or more of the following applies: (1) the person maintains a separate business in relation to the service, (2) the person holds himself out to and renders service to the public in relation to the service, or (3) the person is an employer subject to the worker's compensation statute in relation to the service. [*Luster, supra* at 725 (emphasis in original).]

To the extent that plaintiff insists that he was defendant's employee as defined by the WDCA because defendant closely controlled and supervised his activities, plaintiff's argument implicates the common-law-derived "economic realities test." In *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 572; 592 NW2d 360 (1999), our Supreme Court concluded that the Legislature, by amending § 161 of the WDCA in 1985 to add subsection d, manifested its intention that the statutory provision define the term "employee." Consequently, the new language of the statute effectively superseded several factors comprising the economic realities test. *Id.*; *Blanzy, supra* at 642.

In considering whether plaintiff was defendant's employee, both the magistrate and the WCAC considered the factors set forth in subsection 161(1)(d). Specifically, the WCAC rejected plaintiff's claim for benefits against defendant because there was ample record support for the magistrate's factual determination that plaintiff maintained a separate carpet installation business. Absent fraud, the WCAC's findings are conclusive on appeal. *Mudel, supra* at 709-710. Moreover, we agree with the WCAC's determination that plaintiff was not an employee as defined by subsection 161(1)(d) because he operated a sole proprietorship. For example, defendant did not pay plaintiff as an employee because defendant did not withhold money from plaintiff's paycheck for taxes. *Luster, supra* at 727. Rather, plaintiff was paid as an independent contractor who ran his own business, where defendant provided plaintiff with a Form 1099 annually and his income was not reported on a Form W-2. *Id.* Likewise, plaintiff furnished his own equipment and supplies. Plaintiff also held himself out as providing services to the public, and did in fact do so on several occasions. These findings support the WCAC's conclusion that plaintiff ran his own business and was therefore not an employee under § 161 of the WDCA. *Id.*[6]

In a related argument, plaintiff asserts that he is entitled to benefits because defendant is his "statutory employer" pursuant to MCL 418.171. See, e.g.,

---

[6] Although these considerations are reminiscent of the economic realities test superseded by § 161, they remain "valid considerations under *Hoste* here because they are relevant to establishing that plaintiff conducted his own business in the context of providing services for defendant . . . ." *Luster, supra* at 727, n 3.

*Blanzy, supra* at 635. Whatever the merit of this legal argument, it was not raised before or addressed by the WCAC. Consequently, this Court is without statutory authority to consider it on appeal. *Calovecchi v Michigan,* 461 Mich 616, 626; 611 NW2d 300 (2000); see also *Alford v Pollution Control Industries of America,* 222 Mich App 693, 699; 565 NW2d 9 (1997).

### IV. MCL 418.171(4)

On appeal, plaintiff also argues that the WCAC erred in concluding that by allegedly encouraging plaintiff to become a sole proprietor, defendant did not violate MCL 418.171(4). As a preliminary matter, we note that plaintiff mischaracterizes the WCAC's conclusion. Our review of the record reveals that the WCAC did not make the specific determination that plaintiff asserts. In contrast, the WCAC merely concluded that it was without jurisdiction to address the merit of plaintiff's claim because the plain language of subsection 171(4) required plaintiff to bring forth a civil action. A review of the WCAC's ruling is instructive.

> Plaintiff also makes the interesting legal argument that, since [defendant] "forced" him to become an independent contractor it is in violation of MCL 418.171(4).

> \*      \*      \*

> We observe that section 171 refers to [MCL 418.641]. Section 641(2) gives plaintiff's recourse for [a] violation of section 171:

> "The employee of an employer who violates the provisions of section 171 or 611 shall be entitled to recover damages from the employer in a civil action because of an injury that arose out of and in the course of employment notwithstanding the provision of section 131."

> *Because this Commission does not oversee civil actions but administrative actions, we cannot address the violation of section 171 but refer plaintiff to his civil remedy.* [Emphasis supplied.]

We review issues requiring statutory construction de novo as questions of law. *Adams v Linderman*, 244 Mich App 178, 184; 624 NW2d 776 (2000). When considering the applicability of § 171 to plaintiff's claim, we are mindful that "the worker's compensation act is remedial in nature, and must be 'liberally construed to grant rather than deny benefits.'" *Hagerman v Gencorp Automotive*, 457 Mich 720, 739; 579 NW2d 347 (1998), quoting *Sobotka v Chrysler Corp (After Remand)*, 447 Mich 1, 20, n 18; 523 NW2d 454 (1994) (opinion of Boyle, J.). Further the WCAC's interpretation and application of a provision of the WDCA is entitled to "considerable deference" from this Court where that interpretation is not "clearly incorrect." *Rahman v Detroit Bd of Ed*, 245 Mich App 103, 117; 627 NW2d 41 (2001), citing *Jones-Jennings v Hutzel Hosp (On Remand)*, 223 Mich App 94, 105; 565 NW2d 680 (1997). We are also guided by the following well-settled principles of statutory construction.

> When reviewing questions of statutory construction, [this Court's] purpose is to discern and give effect to the Legislature's intent. *Murphy v Michigan Bell Telephone Co*, 447 Mich 93, 98; 523 NW2d 310 (1994). We begin by examining the plain language of the statute. Where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). We must give the words of a statute their plain and ordinary meaning, and only where the statutory language is ambiguous may we look outside

the statute to ascertain the Legislature's intent. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). [*DiBenedetto, supra* at 402.]

Subsection 171(4) provides in pertinent part:

> Principals willfully acting to circumvent the provisions of this section or [MCL 418.611] by using coercion, intimidation, deceit, or other means to encourage persons who would otherwise be considered employees within the meaning of this act to pose as contractors for the purpose of evading this section or the requirements of [MCL 418.611] shall be liable subject to the provisions of [MCL 418.641]. [Footnotes omitted.]

The plain language of subsection 171(4) refers to MCL 418.641, the pertinent portion of which provides as follows:

> (2) The employee of an employer who violates the provisions of [MCL 418.171] or [MCL 418.611] shall be entitled to recover damages from the employer in a civil action because of an injury that arose out of and in the course of employment notwithstanding the provisions of [MCL 418.131].

Subsection 171(4) was enacted as part of the 1985 amendments of the WDCA. See 1985 PA 103. This part of the WDCA addresses what are commonly referred to as statutory employers. See, e.g., *Burger v Midland Cogeneration Venture*, 202 Mich App 310, 314; 507 NW2d 827 (1993); *Blanzy, supra* at 639. Section 171 was intended to protect employees of contractors and subcontractors who failed to procure adequate worker's compensation insurance. *Smith v Park Chemical Co*, 154 Mich App 180, 182; 397 NW2d 260 (1986). According to its plain language, subsection 171(4) provides independent contractors who would

otherwise be considered employees under the WDCA a vehicle for recovery where their employer has attempted to circumvent the provisions of § 171 or § 611. "Section 611 governs worker's compensation liability insurance coverage for employers." *Blanzy, supra* at 639. The express language of subsection 171(4) provides that an individual may properly seek redress according to the provisions of § 641 of the WDCA where the employer does not comply with the provisions of § 171 or § 611.

Subsection 641(2) was also enacted as part of the 1985 amendments of the WDCA. See 1985 PA 103; *McGillis v Aida Engineering, Inc*, 161 Mich App 370, 372; 410 NW2d 817 (1987). Subsection 641(2) provides that where an individual's employer violates the provisions of § 611 or § 171, the individual "shall be entitled to recover damages from the employer in *a civil action* because of an injury that arose out of and in the course of employment" notwithstanding the exclusive remedy provision of MCL 418.131.[7] (Emphasis supplied.) In *Smeester v Pub-N-Grub, Inc*, 442 Mich 404; 500 NW2d 742 (1993) (*Smeester I*), our Supreme Court observed that subsection 641(2) allowed an individual to seek redress in a civil action for an employer's failure to secure worker's compensation insurance.

> When an employer fails to secure the payment of compensation to an employee who is injured in the course of

---

[7] MCL 418.131(1) provides in pertinent part:

The right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort.

employment, § 641(2) of the Worker's Compensation Disability Act allows the injured employee to bring a civil action for damages against the employer. [*Id.* at 404-405.[8]]

Subsequently, in *Smeester v Pub-N-Grub, Inc (On Remand)*, 208 Mich App 308, 312; 527 NW2d 5 (1995) (*Smeester II*), this Court echoed the Supreme Court's conclusion that subsection 641(2) "restore[d] the employee's common-law right to sue the employer . . . ." Moreover, this Court went on to consider the nature of an individual's common-law action against his employer, concluding that "traditional tort damages, including those for emotional distress and loss of consortium" were recoverable if the employee proved that the employer was "in some respect negligent." *Id.* at 312-313. The *Smeester II* Court further observed:

[W]e hold: (1) negligence is an element of an employee's cause of action against an employer under § 641(2); (2) an employer may not assert as a defense the negligence of the employee, unless that negligence is wilful, MCL 418.141; MSA 17.237(141); and (3) an employee's damages are not limited to the worker's compensation benefits available pursuant to the WDCA. [*Id.* at 315.]

More recently, in *State Farm Mut Automobile Ins Co v Roe (On Rehearing)*, 226 Mich App 258, 265-266; 573 NW2d 628 (1997), app dis 459 Mich 880 (1998), a panel of this Court likewise concluded that pursuant to subsection 641(2), "[i]f an employer fails to comply with the insurance requirements of the worker's com-

---

[8] The Supreme Court's comments were made in the context of a memorandum opinion remanding the case to this Court. Specifically, the Supreme Court directed this Court to consider whether "in a cause of action brought pursuant to MCL 418.641(2); MSA 17.237(641)(2), an employee may recover damages without first having to show the negligence of the employer." *Smeester I*, *supra* at 408.

pensation act . . . it is liable *in tort* for injuries to its employees" (emphasis supplied); see also *Director, Bureau of Worker's Disability Compensation v BMC Mfg, Inc,* 200 Mich App 478; 504 NW2d 695 (1993); *McGillis, supra* at 372.[9]

In light of the foregoing, we agree with the WCAC's interpretation of subsection 171(4) and subsection 641(2). Because plaintiff has alleged that defendant violated subsection 171(4) of the WDCA by failing to secure insurance liability coverage pursuant to § 611, the plain language of both § 171 and § 641 require plaintiff to pursue his claim in a civil action.

Affirmed.

---

[9] We also reject plaintiff's claim that our conclusion results in "duplicative litigation." While we recognize that "it is abhorrent to the fundamental principles of the WDCA to allow any form of double recovery," *Smeester II, supra* at 314, no such double recovery will occur in the instant case, because plaintiff was denied benefits in the administrative forum of the WCAC.