635 N.W.2d 309 (2001)
Grace YOST, Plaintiff-Appellant,
v.
DETROIT BOARD OF EDUCATION and Second Injury Fund and Hotel Pontchartrain Ltd and Insurance Company of Pennsylvania and Accident Fund Company, Defendants-Appellees.
No. 119048, COA No. 228742.
Supreme Court of Michigan.
November 16, 2001.
On order of the Court, the application for leave to appeal from the February 9, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
TAYLOR, J., concurs and states as follows:
I join in the Court's order to deny leave. I respectfully disagree with Justice Kelly's dissenting statement because, although she cites Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 614 N.W.2d 607 (2000), her mode of analysis is inconsistent with that opinion. In effect, Justice Kelly undertakes a de novo review of the Worker's Compensation Appellate Commission (WCAC) opinion on the "substantial evidence" question and concludes that the magistrate's factual findings were supported by competent, material, and substantial evidence on the whole record. However, under Mudel, the judiciary, in reviewing a WCAC opinion, is not to decide anew whether a magistrate's factual findings are supported by the necessary "substantial evidence." See Mudel, supra at 709, 614 N.W.2d 607 ("requiring the judiciary to review the magistrate's decision and determine anew whether that decision is supported under the `substantial evidence' standard ... unequivocally contradicts the clear and plain language of the [Worker's Disability Compensation Act]") (emphasis in the original). Rather, "[a]s long as there exists in the record any evidence supporting the WCAC's decision, and as long as the WCAC did not misapprehend its administrative appellate role (e.g., engage in de novo review; apply the wrong rule of law), then the judiciary must treat the WCAC's factual decisions as conclusive." Id. at 703-704, 614 N.W.2d 607. In this case, the WCAC did not misapprehend its administrative appellate role. On the contrary, in its opinion, the WCAC quite extensively reviewed the medical testimony of the doctor relied on by the magistrate in support of his award of benefits and concluded that the testimony was not competent evidence because that doctor lacked the necessary information about plaintiff's medical history to conclude whether her injury was significantly contributed to by her employment. As we emphasized in Mudel, at 706, 614 N.W.2d 607, "[t]hat the justices of this Court may have come to a different conclusion than the WCAC if we were evaluating a matter de novo, or that we may find the magistrate's conclusion to be better supported than the WCAC's conclusion, is irrelevant."
KELLY, J., dissents and states as follows:
I would reverse the WCAC's decision and reinstate the findings of the magistrate. Plaintiff injured her right knee while performing janitorial duties in the course of her employment with defendant. Medical testimony established that she suffered from an arthritic condition. After reviewing the record on three separate occasions, the magistrate consistently concluded that plaintiff's employment injury significantly aggravated her condition. In *310 arriving at this determination, the magistrate relied on the testimony of plaintiff's expert witness, a physician. He based his opinion on the fact that, before the accident, plaintiff had not experienced problems with the injured knee.
On appeal, the WCAC three times reversed the magistrate. Ultimately, it concluded that this testimony could not support a finding of significant contribution because the expert was not aware of the severity of plaintiff's underlying condition.
The WCAC is required to review a magistrate's findings of fact under the competent, material, and substantial evidence standard of review. Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 699, 614 N.W.2d 607 (2000). Judicial review must focus on whether the WCAC acted in a manner consistent with the concept of administrative appellate review that is less than de novo review in finding that the magistrate's decision was or was not supported by competent, material, and substantial evidence on the whole record. [Holden v. Ford Motor Co., 439 Mich. 257, 267-268, 484 N.W.2d 227 (1992), abrogated by Goff v. Bil-Mar Foods, Inc. (After Remand), 454 Mich. 507, 563 N.W.2d 214 (1997), reinstated by Mudel, supra.]
In analyzing the WCAC's decision, this Court examines whether the WCAC overlooked competent, material, and substantial evidence on the whole record.
When considered in context, the fact that plaintiff's expert was unaware of one previous occasion on which plaintiff experienced difficulty with her right knee was not significant. The expert testified that his medical findings about the right knee indicated damage to the ligaments and cartilage that was not present in plaintiff's left knee. Further testimony established that this condition was caused by the twisting of plaintiff's right knee during the work injury. The expert testified that the twisting placed stress on plaintiff's knee, which significantly worsened any arthritic condition then present in it.
Findings, such as those of the expert in this case, that rely on substantially less than a preponderance of the evidence, are sufficient under the competent, material, and substantial evidence standard. The relevant statute, M.C.L. § 418.861a(3) states that "`substantial evidence' means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion". See also Blanzy v. Brigadier General Contractors, Inc., 240 Mich.App. 632, 637, 613 N.W.2d 391 (2000). Had the WCAC properly applied the competent, material, and substantial evidence standard, it would have affirmed the magistrate's decision.
Where, as here, the WCAC fails to apply the correct standard, it misapprehends its administrative appellate role and this Court should overturn it. For that reason, I would reverse.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.