# Order

Michigan Supreme Court
Lansing, Michigan

July 11, 2008

135704

FRANCIS J. PULSIPHER, Deceased, by
MARIAN PULSIPHER (Spouse),
         Plaintiff-Appellee,

v

STATEWIDE FOREST PRODUCTS and
TRAVELERS INSURANCE COMPANY,
         Defendants-Appellees,
and

SILICOSIS, DUST DISEASE & LOGGING
INDUSTRY COMPENSATION FUND,
         Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135704
COA: 278407
WCAC: 2004-000275

On order of the Court, the application for leave to appeal the December 17, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the order denying leave to appeal. The Workers' Compensation Appellate Commission (WCAC) panel's result does not appear to be erroneous and the case does not involve issues of significance for Michigan jurisprudence. But, as noted by Justice Markman, the panel committed numerous analytical errors that future WCAC panels should not repeat. I generally concur with Justice Markman. I also note other significant errors in the WCAC's analysis.

Most notably, the WCAC offers very questionable applications of estoppel and the two-year-back rule, MCL 418.381. The WCAC concluded that the deceased employee's dependent relied on misrepresentations by the insurance agent when she chose not to file for weekly benefits within two years of her husband's death. It concluded that, therefore, she could claim benefits covering a period beginning two years before the estimated date

that she gained accurate information regarding her eligibility for benefits. Under this logic, the panel purported to exclude eligibility for benefits from January 22, 1998, the date of death, to May 19, 1999, two years before the approximate date that the claimant learned of her claim, which the panel estimated was May 19, 2001. The logic of this approach is dubious. Assuming that estoppel may be applied, it would seem that it should render the claimant eligible for benefits from the date of death, when the misrepresentations began, until she would have reasonably stopped relying on the misrepresentations. Then the two-year-back rule should apply as usual from when she filed the claim, on October 14, 2002, back to October 14, 2000. Thus, no amount of benefits would be time-barred because the two-year back rule covers the period between her awareness of her claim and the date she filed. Although the WCAC's application of estoppel appears erroneous, its result nonetheless appears correct because it effectively awards the claimant the maximum allowable benefit; its order allows her to recoup up to 500 times the weekly benefit rate.

I also question the panel's conclusions that the claimant, who worked full time, was 100 percent dependent on the decedent and that the decedent's relevant annual earnings were $293 because he happened to earn this amount over a few days of work before his accident. I would still deny leave on these issues, however, because I find no injustice in the amount of the claimant's benefit award. The WCAC declined to increase the amount of the weekly benefit awarded by the magistrate because the claimant did not properly appeal the amount. The panel acknowledged that the magistrate likely and significantly underestimated the weekly benefit amount, however. Therefore, even if the claimant was less than 100 percent dependent on the decedent, her current benefit award is likely equal to or less than the correct amount due and, therefore, defendants are not prejudiced by any error.

MARKMAN, J., concurs and states as follows:

I concur in the order denying leave to appeal because the Workers' Compensation Appellate Commission (WCAC) reached the right result. I write separately to note several errors committed by the WCAC in its legal analysis. Although the WCAC reached a proper result under the correct legal standards applicable to the question whether the plaintiff's decedent was an employee of Statewide Forest Products, the WCAC erred to the extent that it concluded that federal income-tax forms alone may never determine the legal question of employment. Federal tax forms are always compelling evidence of the employer-employee relationship and, in some cases, federal tax forms alone may be sufficient evidence of this relationship. See, e.g., *Blanzy v Brigadier Gen Contractors, Inc*, 240 Mich App 632, 642-643 (2000); *Betancourt v Ronald Smith*, 1999 Mich ACO 608. I also note that the WCAC majority erred in concluding that payment of a deceased employee's earnings after his death is the determining factor in deciding the extent of the dependency pursuant to MCL 418.321

and *Lesner v Liquid Disposal, Inc*, 466 Mich 95 (2002). However, under the unique circumstances of this case, the majority's conclusion that the plaintiff was 100% dependent on the decedent's earnings did not result in an increased benefit award to the plaintiff, and, therefore, any error in the WCAC's decision is harmless. I further note that the WCAC clearly erred in concluding that the instructions for the weekly benefit rate tables to "deduct one dependent for death cases" are not authorized by MCL 418.313(1). That provision requires an injured employee to be included as a dependent in calculating the weekly wage-loss benefit in disability cases. Because a deceased employee cannot be his or her own dependent, the benefit rate table instruction is correct. In this case, the magistrate correctly determined that there was one dependent of the deceased employee.

TAYLOR, C.J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 11, 2008

Clerk

t0708