# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 4, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137987

JAMES A. LOOS, JR.,
                Plaintiff-Appellee,

v                                                    SC: 137987
                                                     COA: 275704
                                                     WCAC: 05-000246

J.B. INSTALLED SALES, INC., a/k/a J.B.
SUPPLY and ACCIDENT FUND
INSURANCE COMPANY OF AMERICA,
                Defendants-Appellants,
and

ROBINSON ROOFING,
                Defendant-Appellee.
_____/

On November 4, 2009, the Court heard oral argument on the application for leave to appeal the November 20, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the decision of the worker's compensation magistrate. The Court of Appeals improperly held that income tax records regarding whether the plaintiff was paid wages or non-employee compensation are irrelevant to the question of whether the plaintiff is an employee under MCL 418.161(1)(n). Such records are directly relevant to the question of employee status. *Blanzy v Brigadier*, 240 Mich App 632 (2000); *Betancourt v Ronald Smith*, 1999 ACO #608. Based on the Court of Appeals erroneous legal conclusion in this case, it mistakenly concluded that the Workers' Compensation Appellate Commission (WCAC) had properly performed its administrative appellate review function. The WCAC improperly reversed the magistrate's decision based on a de novo assessment of the record and application of incorrect legal principles regarding whether the plaintiff was an employee. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 700 (2000).

CAVANAGH, J. (*concurring in part and dissenting in part*).

I concur with the majority's statement that tax records are relevant to the question of whether a plaintiff is an employee under MCL 418.161(1)(n). However, because I

believe that the Workers' Compensation Appellate Commission (WCAC) properly performed its appellate review function, I respectfully dissent and would affirm the result reached by the Court of Appeals.

Plaintiff fell from a roof and sustained injuries while working for Robinson Roofing, which had contracted with J.B. Installed Sales, Inc., (J.B.) to perform roof work. Plaintiff sought worker's compensation benefits from J.B. under MCL 418.171. The magistrate found that plaintiff was an independent contractor, and therefore denied benefits, because plaintiff's tax records revealed that his earnings from Robinson Roofing were reported as non-employee earnings; his Social Security records indicated that plaintiff was not an employee of Robinson Roofing; his hospital records indicated that plaintiff identified himself as self-employed; Robinson Roofing did not inform J.B. that it had any employees, as required by their contract; and plaintiff used some of his own tools while working for Robinson Roofing. The WCAC reversed in a unanimous decision, stating that "the statutory language [of MCL 418.161(1)(n)] makes it clear that the proper focus is on the plaintiff's actions and not the parties' labels." 2006 ACO 309, p 6. I agree.

The Worker's Disability Compensation Act defines "employee" in MCL 418.161(1)(n). The statute states that a claimant is an employee "if *the person* in relation to this service does not maintain a separate business, does not hold *himself or herself* out to and render service to the public, and is not an employer subject to this act." MCL 418.161(1)(n) (emphasis added). Given the statutory language, I agree with the WCAC that the proper focus is on the conduct of the person seeking benefits rather than the labels attached to the relationship by the parties. Robinson Roofing's "labeling" that it had no employees, plaintiff's "labeling" of himself as self-employed, and plaintiff's tax records, which were filed based on a Form 1099 that was supplied by Robinson Roofing, should not have been the focus of the magistrate's analysis. Thus, I believe that the WCAC did not misapprehend its administrative appellate review when it determined that the magistrate applied its findings of fact to a misconception of the law. Because I believe that the WCAC did not misapprehend its administrative appellate role in reviewing the magistrate's decision, and there is evidence to support the WCAC's decision, I would affirm the result reached by the Court of Appeals. See *Holden v Ford Motor Co*, 439 Mich 257, 268-269 (1992).

KELLY, C.J., and HATHAWAY, J., join the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 4, 2009

*Corbin R. Davis*

Clerk