# Order

Michigan Supreme Court
Lansing, Michigan

October 5, 2017

152383

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

RUBEN CASTRO and CHRISTY CASTRO,
        Plaintiffs-Appellees,

v

JAMES ALAN GOULET, MD and
JAMES ALAN GOULET, MD, PC,
        Defendants-Appellants,

and

STEPHEN R. TOLHURST, MD,
        Defendant.
_____/

SC: 152383
COA: 316639
Washtenaw CC: 13-000138-NH

On January 10, 2017, the Court heard oral argument on the application for leave to appeal the August 20, 2015 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

VIVIANO, J. (*concurring*).

I concur with the denial order because the Court of Appeals reached the correct result for the right reasons. Its decision reflects the guarantee in MCL 600.2912d(2) that a medical malpractice plaintiff complying with that provision's terms will receive an additional 28 days to file his or her affidavit of merit (AOM). I write separately, however, because I believe our Court should, in an appropriate case, reconsider our opinion in *Scarsella v Pollak*.[1] That case held that the plaintiff's failure to file an AOM with his complaint, as required by MCL 600.2912d(1), meant that the statutory limitations period continued to run after the complaint was filed.[2] That conclusion, I believe, may rest on a flawed premise that has roiled our medical malpractice jurisprudence.[3]

A close contextual analysis of the relevant statutes casts doubt on *Scarsella*'s conclusion that filing the AOM is necessary to toll the limitations period. This analysis

---

[1] *Scarsella v Pollak*, 461 Mich 547 (2000).

[2] *Id*. at 549-550.

[3] Indeed, the Court of Appeals long ago requested that we "revisit or distinguish *Scarsella* so that clearly inadvertent [clerical] errors" would not bar a plaintiff's claim. *Young v Sellers*, 254 Mich App 447, 453 (2002).

begins with the generally applicable timing provisions in the Revised Judicature Act of 1961.[4] Under MCL 600.1901 of that act, "[a] civil action is commenced by filing a complaint with the court."[5] The commencement must conform to the limitations periods prescribed by statute; a person cannot "bring or maintain an action . . . unless . . . the action is commenced within the period of time prescribed by" MCL 600.5805.[6] Because this provision "pertains only to the filing of the complaint . . . [,] one must then turn to [MCL 600.]5856 to determine the effect of the statute of limitations once the complaint has been filed."[7] MCL 600.5856, in turn, tolls the running of the statutory limitations period in the following circumstances:

> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant . . . .

> (b) At the time jurisdiction over the defendant is otherwise acquired.

> (c) At the time notice is given in compliance with the applicable notice period under [MCL 600.2912b], if during that period a claim would be barred by the statute of limitations or repose . . . .

*Scarsella* concluded that these general timing requirements do not apply in medical malpractice cases.[8] It reached this result on the basis of § 2912d(1), which states that "the plaintiff . . . shall file with the complaint an affidavit of merit signed by a health professional . . . ." In *Scarsella*, the plaintiff filed his malpractice complaint a few weeks before the two-year limitations period would have barred his claim.[9] He did not, however, file an accompanying AOM, and the defendant moved to dismiss for the plaintiff's failure to comply with § 2912d(1).[10] Shortly before the trial court ruled on the motion, but well after the statutory limitations period would have elapsed, plaintiff filed the AOM.

The Court of Appeals held that the plaintiff's case was time-barred because he filed the AOM after the period expired. We adopted its opinion, which purported to

---

[4] MCL 600.101 *et seq.*

[5] See also MCR 2.101(B) ("A civil action is commenced by filing a complaint with a court.").

[6] MCL 600.5805(1). The limitations period for malpractice claims generally is two years. MCL 600.5805(6).

[7] *Gladych v New Family Homes, Inc*, 468 Mich 594, 598 (2003).

[8] *Scarsella*, 461 Mich at 549.

[9] *Id.*

[10] *Id.*

distinguish the general rules in § 5856 from those applicable to medical malpractice cases. In particular, it found that the "[u]se of the word 'shall' " in § 2912d(1) "indicates that an affidavit accompanying the complaint is mandatory and imperative."[11] Consequently, the opinion "conclude[d] that, for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit."[12] Accordingly, an AOM must be filed to commence the suit.[13] We have elsewhere justified this result by observing that § 2912d gives specific instruction in medical malpractice cases that must trump the usual rules detailed in § 1901 and § 5856.[14]

It is true that general statutory provisions must give way to more specific provisions.[15] This interpretative canon typically applies either when the general and specific provisions conflict, or when applying the general provision would render the specific one superfluous.[16] But § 5856 and § 2912d do not conflict, and the latter would not be nullified if the former's general tolling rules applied to medical malpractice claims. Section 2912d says absolutely nothing about the limitations period and does not explicitly condition tolling on a timely filed AOM. All the statute requires is that the plaintiff file the AOM with the complaint, or later if an exception applies. No one has yet offered a convincing argument why it would be inconsistent to mandate the AOM filing in § 2912d(1) while at the same time permitting § 5856(1) to toll the running of the statutory limitations period. Tolling in these circumstances would not appear to vitiate the requirements of § 2912d(1): plaintiffs would still have to file the AOM and their claims might be dismissed when they failed to do so, just not on statute of limitations grounds. In other words, § 2912d(1) has its own work to do—namely, forcing plaintiffs

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 550.

[14] See *Ligons v Crittenton Hosp*, 490 Mich 61, 82-84 (2011); see also *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 93-94 (2015). Contrary to the dissent's suggestion below, *Tyra* did not involve the AOM requirement, but rather the notice of intent (NOI) requirement in § 2912b(1); thus any mention of the AOM requirement in *Tyra* was clearly dicta.

[15] *Gebhardt v O'Rourke*, 444 Mich 535, 542-543 (1994). However, "[i]n order to determine which provision is truly more specific and, hence, controlling, we consider which provision applies to the more narrow realm of circumstances, and which to the more broad realm." *Miller v Allstate Ins Co*, 481 Mich 601, 613 (2008).

[16] *RadLAX Gateway Hotel, LLC v Amalgamated Bank*, 566 US 639, 645 (2012); *Detroit Edison Co v Dep't of Treasury*, 498 Mich 28, 43-44 (2015); Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* (St Paul: Thomson/West, 2012), p 183.

to provide medical opinion evidence that their claims are not frivolous—and it need not take on the additional task of tolling the limitations period, especially when it nowhere mentions that period.[17]

A review of the broader statutory context challenges *Scarsella*'s conclusion that the Legislature intended § 2912d to affect the limitations period. We have already rejected the only imaginable interpretation linking § 2912d to the general statute of limitations. In *Ligons v Crittenton Hosp*, the plaintiff argued that "for *Scarsella* to be consistent with MCL 600.1901 and MCL 600.5856(a), an AOM must be 'part and parcel' of the complaint."[18] We explained to the contrary that "*Scarsella* . . . did not rule that an AOM is a complaint or is 'part and parcel' of the complaint. Rather, the Court consistently referred to the complaint and the AOM as distinct documents."[19] We must treat them as distinct because § 2912d does so. Accordingly, because § 5856(a) refers to the complaint but not the AOM, a persuasive argument can be made that the Legislature did not intend for the AOM to play any role in tolling.

Absent any explicit textual indication that filing the AOM is a condition to tolling, *Scarsella*'s contrary conclusion is questionable because we must be cautious "not [to] read into the statute what is not within the Legislature's intent as derived from the language of the statute."[20] And we certainly may not do so when the Legislature has already spoken on the subject. The Legislature clearly knows how to start and stop the running of the limitations period in medical malpractice cases. For example, the supposedly more "general" tolling provisions in § 5856 explicitly address medical malpractice cases. Section 5856 tolls the running of the statutory limitations period if the plaintiff provided the notice of intent to sue (NOI) required in § 2912b.[21] This is meaningful because "the expression of one thing suggests the exclusion of all others . . . ."[22] That the Legislature provided for the NOI's tolling effect, but not the AOM's, suggests the AOM may not be needed for tolling to occur. The same implication arises

---

[17] Further, the AOM's purpose does not to relate to the limitations period or tolling; rather, "[t]he purpose of the affidavits of merit is to deter frivolous medical malpractice claims by verifying through the opinion of a qualified health professional that the claims are valid." *Barnett v Hidalgo*, 478 Mich 151, 163-164 (2007).

[18] *Ligons*, 490 Mich at 82 (emphasis omitted).

[19] *Id*. at 82-83.

[20] *AFSCME v Detroit*, 468 Mich 388, 400 (2003). The two cases *Scarsella* cited were not on point, given that each dealt with court rules not at issue in *Scarsella* and neither addressed statutes of limitations or tolling. See *Stephenson v Union Guardian Trust Co*, 289 Mich 237 (1939); *Hadley v Ramah*, 134 Mich App 380 (1984).

[21] MCL 600.5856(c).

[22] *Pittsfield Charter Twp v Washtenaw Co*, 468 Mich 702, 712 (2003).

from the Legislature's inclusion of "complaint" as a tolling mechanism, but not the AOM. In short, the Legislature knows how to tweak the limitations period in the medical malpractice context, but does not appear to have done so for AOMs.[23]

Even more directly, an argument can be made that the Legislature expressly applied the general tolling provisions in § 5805 and § 5856 to medical malpractice claims. This argument starts with MCL 600.5838(2), which establishes the framework for the limitations period:

> Except as otherwise provided in [MCL 600.5838a or 600.5838b], an action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later.

Unpacking this section suggests that the normal limitations-period rules control in medical malpractice cases. As an initial matter, § 5805, referred to in the statute quoted above, establishes the general two-year limitations period for malpractice claims. Sections 5851 to 5856, also mentioned, provide for accrual dates and tolling in various specific circumstances. Relevant here, § 5856(a) states that the action is tolled when the complaint is filed and served. The only specified exceptions to that rule come in § 5838a and § 5838b. The latter regards legal malpractice claims and is not relevant here. The former defines a medical malpractice claim and also establishes the limitations framework for those claims, largely mirroring § 5838(2):

---

[23] It is worth noting that the legislative history is in accord with the above analysis. We have found bills considered by the Legislature to be useful in elucidating statutory provisions. See *In re Certified Question*, 468 Mich 109, 115 n 5 (2003). In 1993 the Legislature considered a proposed version of § 2912d that would have made the filing of an AOM a prerequisite to tolling the limitations period. It would have required a plaintiff to file a certificate with his or her complaint "reflecting that the person has complied with section 2912f. If the complaint is not accompanied by the certificate required under this subsection, the complaint does not toll the statute of limitations . . . ." 1993 HB 4067. Proposed § 2912f, in turn, contained the AOM requirement, although it made the plaintiff serve the AOM on the defendant with the precomplaint notice of intent to sue rather than with the complaint. See 1993 HB 4067. Under this proposal, the failure to serve the AOM would prevent the plaintiff from certifying compliance with § 2912f, and without that certification the statutory limitations period would continue to run. In other words, the AOM requirements were keyed to the statute of limitations. Yet the Legislature never enacted this proposal, which would have been at least one way to make filing the AOM a condition to tolling if the Legislature so desired.

An action involving a claim based on medical malpractice under circumstances described in subsection (2)(a) or (b) may be commenced at any time within the applicable period prescribed in section 5805 or sections 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. . . . A medical malpractice action that is not commenced within the time prescribed by this subsection is barred.[24]

Sections 5838 and 5838a thus state that the normal rules in § 5805 and § 5856(1) "prescribe[]" the commencement of medical malpractice cases. Further, neither § 5838 nor § 5838a includes § 2912d(1) in the list of statutes "prescrib[ing]" when to commence an action. Thus, none of these provisions suggests that the AOM requirement in § 2912d(1) has any bearing on when an action commences. Under this interpretation the usual tolling regime would apply to medical malpractice cases, i.e., under § 5856(1), the running of the statutory limitations period would be tolled when the complaint is filed and served.

*Scarsella*'s contrary conclusion has given rise to a series of workability problems. The present case, for example, would not have raised even a colorable question without *Scarsella*'s holding. The issue resolved below was whether all the elements of the "good cause" exception to the AOM filing requirement had to be met before the limitations period expires. The exception provides that a plaintiff has "an additional 28 days in which to file the affidavit" if he or she can demonstrate "good cause" for the delay.[25] Defendants contended that the trial court needed to grant the extension before the expiration of the limitations period. They premised this argument on Court of Appeals caselaw holding that the trial court's grant of a plaintiff's extension motion, and not the mere filing of that motion, tolls the running of the statutory limitations period.[26] The Court of Appeals majority in the present case properly read the grant of an "additional 28 days" to mean a full 28 days and not "up to 28 days *if* the trial court gets around to deciding the motion before the claim is time-barred."[27] And because plaintiffs filed their

---

[24] MCL 600.5838a (3).

[25] MCL 600.2912d(2).

[26] See *Barlett v North Ottawa Comm Hosp*, 244 Mich App 685, 690-692 (2001).

[27] Consider the difficulties that the Court of Appeals' dissent would create. A plaintiff could, for example, file his or her complaint, along with a § 2912d(2) extension motion, with 10 days to spare in the limitations period. The AOM could be filed within 28 days and the trial court could ultimately grant the extension. But if the trial court's order came even a day after the limitations period would have expired, plaintiff's claim would be time-barred despite compliance with every requirement in § 2912d(2). In that scenario, the plaintiff would have had only 10 additional days to file the AOM, not 28. Such a

complaint and motion within the limitations period, filed their AOM within 28 days of their complaint, and the trial court ultimately granted the extension, they complied with all the requirements of § 2912d(2).

This holding gives effect to the statute's plain meaning. But the outcome would be beyond dispute if *Scarsella* were not on the books. Defendants argued that the "good cause" exception does not toll the running of the statutory limitations period because it says nothing about tolling. If *Scarsella* is incorrect, then the fact that § 2912d(2) is silent regarding the statute of limitations makes perfect sense: the AOM has no effect on commencing a lawsuit for purposes of the statute of limitations. As a result, the Legislature would not need to mention tolling when providing an AOM-filing extension period. Instead, the general tolling provisions would apply, and a plaintiff's filing and service of the complaint would halt the limitations period.[28]

*Scarsella* likewise confuses the rules pertaining to affirmative defenses. As I explained in my partial dissent in *Tyra v Organ Procurement Agency of Mich*, the reasoning of *Scarsella* undergirds the rule "that if a complaint is ineffective at commencing the action, the defendant has no obligation to file affirmative defenses, or an answer for that matter."[29] This broad proposition arises from our order in *Auslander v Chernick*.[30] There, we held that defendants could forgo raising a statute of limitations defense when the plaintiffs failed to timely file an AOM because the action never properly commenced.[31]

As I posited in *Tyra*, *Auslander* engages in "circular reasoning" to reach its conclusion: "a defendant is relieved of its obligation to allege and establish that a complaint is legally deficient because the complaint is legally deficient."[32] This problem results from *Scarsella* because the defendant is relieved from its obligation only by virtue of *Scarsella*'s holding that the case has not yet commenced. This makes a hash of the

---

result could deprive an otherwise deserving plaintiff of the statutorily guaranteed extension simply because the court was busy with other cases. The difficulty is even more pronounced when considering the § 2912d(3) exception, which permits an additional 91 days to file the AOM if a defendant fails to allow access to medical records as required by MCL 600.2912b.

[28] See MCL 600.5856(a).

[29] *Tyra*, 498 Mich at 101 (VIVIANO, J., dissenting in part).

[30] *Auslander v Chernick*, 480 Mich 910, 910 (2007).

[31] *Id.*, adopting *Auslander v Chernick*, unpublished per curiam opinion of the Court of Appeals, issued May 1, 2007 (Docket No. 274079) (JANSEN, J., dissenting).

[32] *Tyra*, 498 Mich at 102 (VIVIANO, J., dissenting in part).

normal rule that the statute of limitations defense is waivable.[33]  The typical rules, then, do not apply to medical malpractice cases; and this is for no other reason than *Scarsella*'s holding that such lawsuits are not commenced "for statute of limitations purposes" without tendering an AOM.[34]

There may be reasons *Scarsella* reached the correct result, and even if not, *stare decisis* might counsel retaining it.  I do not, of course, decide those questions here.  But given its shaky legal foundation and the continuing dislocations in our law it has caused, I would reconsider that decision in an appropriate future case.

MARKMAN, C.J. (*dissenting*).

I would not deny leave to appeal, but would reverse the judgment of the Court of Appeals and reinstate the trial court's order granting defendants' motion for summary disposition.  I would do so for the reasons set forth in the Court of Appeals' dissenting opinion as well as for the reasons set forth in this statement.

The statutory period of limitations in a medical malpractice action is two years. MCL 600.5805(6).  The statute of limitations is tolled at the time the complaint is filed. MCL 600.5856(a).  In order to commence a medical malpractice action, the plaintiff must file an affidavit of merit with the complaint.  Specifically, MCL 600.2912d(1) provides:

> [T]he plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney *shall file* with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under section 2169.  [Emphasis added.]

Because an affidavit of merit has to be filed with the complaint in order to commence a medical malpractice action, MCL 600.2912d(1), a complaint and an affidavit of merit have to be filed to toll the statute of limitations under MCL 600.5856(a).  *Scarsella v Pollak*, 461 Mich 547, 550 (2000) ("[B]ecause the complaint without an affidavit [is] insufficient to commence plaintiff's malpractice action, it [also does] not toll the period of limitation.") (quotation marks and citation omitted); see also *Ligons v Crittenton Hosp*, 490 Mich 61, 72-73 (2011); *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 79-80 & n 8, 93-94 (2015).[35]  The contrary "interpretation would undo the Legislature's

---

[33] *Id*. at 104, citing MCR 2.111(F)(3)(a) and *Walters v Nadell*, 481 Mich 377, 389 (2008).

[34] *Scarsella*, 461 Mich at 549.

[35] In *Tyra* the plaintiff asserted that *Scarsella* should be overruled because MCL 600.1901 states that "[a] civil action is commenced by filing a complaint with the court." The *Tyra* Court rejected that assertion, explaining:

clear statement that an affidavit of merit 'shall' be filed with the complaint." *Scarsella*, 461 Mich at 552.

"MCL 600.2912d(2) provides a measure of relief when an affidavit of merit cannot be filed with the plaintiff's complaint." *Id.* at 548 (quotation marks and citations omitted). "That subsection allows, on motion for good cause shown, an additional twenty-eight days in which to file the required affidavit." *Id.* at 548-549 (quotation marks and citation omitted). Specifically, MCL 600.2912d(2) provides:

> Upon motion of a party for *good cause* shown, the court in which the complaint is filed *may* grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1). [Emphasis added.]

Importantly, a plaintiff is not automatically entitled to an additional 28 days in which to file an affidavit of merit. Instead, the trial court "may" grant the plaintiff's motion for an additional 28 days "for good cause shown." See *Barlett v North Ottawa Comm Hosp*, 244 Mich App 685, 691-692, lv den 465 Mich 907 (2001) ("[The mere filing of a motion to extend the time for filing [an affidavit of merit] is [not] sufficient to toll the period of limitation" because "[t]he plain language of subsection 2912d(2) indicates that the granting of an additional twenty-eight-day period in which to file an affidavit of merit is not automatic. Rather, the trial court, by virtue of the permissive ('may') and conditional language ('good cause') has discretion to either grant or deny a plaintiff's motion.").

In addition, MCL 600.2912d(2) does not say anything about tolling the statute of limitations. Compare MCL 600.5856(c), which expressly states that the filing of a notice of intent tolls the statute of limitations. See also *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 581-582, 593 (2005), which held that this Court lacks the authority to read into a statute a tolling rule that is not itself found in the statute. MCL 600.2912d(2) simply

---

"[M]ore specific statutory provisions control over more general statutory provisions, and thus the specific requirements of [MCL 600.2912b(1)] regarding 'commenc[ing] an action alleging medical malpractice' prevail over the general requirements of MCL 600.1901 regarding the commencing of civil actions."

Although a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely [notice of intent to sue] and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired. [*Tyra*, 498 Mich at 94, quoting *Boodt v Borgess Med Ctr*, 482 Mich 1001, 1002 (MARKMAN, J., concurring) (some alterations in original; citation omitted).]

states that the trial court may grant the plaintiff "an additional 28 days in which to file the affidavit." In other words, with the trial court's permission, the plaintiff can file the complaint without the affidavit of merit and then file the affidavit of merit within 28 days of the complaint. However, this provision says nothing about tolling the statute of limitations. Therefore, it appears that the purpose of MCL 600.2912d(2) is not principally to toll the statute of limitations, but to allow a plaintiff to file an affidavit of merit within 28 days of the complaint even though MCL 600.2912d(1) ordinarily requires that the affidavit be filed with the complaint. That is, MCL 600.2912d(2) simply sets forth an exception to the general requirement of MCL 600.2912d(1) that the affidavit of merit be filed with the complaint.

Nonetheless, even assuming that MCL 600.2912d(2) *does* have a tolling effect on the statute of limitations, as this Court has stated in dicta, see *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229 (1997),[36] this tolling cannot possibly begin until the trial court has *granted* the plaintiff's motion for an extension because MCL 600.2912d(2) expressly states that the trial court "may" grant the plaintiff an additional 28 days to file the affidavit of merit "for good cause shown." If we were to read this provision as allowing the filing of the motion to toll the running of the period of limitations, we would be rewriting the provision to state that a plaintiff can always file the affidavit of merit within 28 days of filing the complaint, i.e., the plaintiff effectively never has to file the affidavit of merit with the complaint, which would be contrary to both MCL

---

[36] Specifically, *Solowy*, 454 Mich at 229, opined:

> MCL 600.2912d(2) . . . allows, upon a showing of good cause, an additional twenty-eight days to obtain the required affidavit of merit. During this period, the statute will be tolled and summary disposition motions on the ground of failure to state a claim should not be granted.

This was dicta because the plaintiff in *Solowy* did not file a motion for an additional 28 days under MCL 600.2912d(2).

600.2912d(1) and (2).

Finally, because the trial court in the instant case did not grant the motion for an additional 28 days until *after* the statutory period of limitations expired, the trial court's order granting the motion could not have possibly tolled the running of the already-expired period of limitations, as the trial court *itself* recognized. There is simply no authority for the proposition that a belated grant of an extension of time can retroactively resurrect an expired cause of action. Rather, MCL 600.5805(1) provides, "A person *shall not* bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section." (Emphasis added.) There is no dispute that the action at issue here accrued on February 9, 2011, and that plaintiff did not file the affidavit of merit until February 26, 2013, which was *after* the two-year period of limitations expired. Pursuant to MCL 600.5805(1), plaintiff therefore cannot bring or maintain his medical malpractice cause of action.

WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2017



Clerk

t0928